# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEVON A. PITTER # A47028135 | : Civil Action No. WMN-06-3389 |
| Petitioner | : |
| v. | : |
| DOUGLAS DEVENYNS, WARDEN, et al. | : |
| Respondents | : |

ooo00ooo

**MEMORANDUM**

Pending is a 28 U.S.C. § 2241 petition for habeas corpus relief filed on December 20, 2006 filed by Devon A. Pitter, a citizen of Jamaica challenging his pending final order of removal.[1] For the reasons that follow, this eleventh-hour attempt to delay petitioner's pending removal will be denied and the case dismissed.

According to Pitter, he was lawfully admitted to the United States sometime in November of 2002. On October 23, 2003, Pitter pleaded guilty in the Circuit Court for Montgomery County, Maryland of two counts of fourth degree sex offense. In the instant petition for habeas corpus relief, Pitter, as best as the court is able to discern, seeks asylum under the Convention Against Torture due to his sexual, anti-homosexual lifestyle and orientation. Petition at 7. He also states that he is

---

[1] At the time Pitter mailed the petition, he was detained at the Wicomico County Detention Center and in the custody of U.S. Immigration and Customs Enforcement (ICE) pending removal. Counsel for ICE have informed court staff that Pitter is currently in a detainee holding facility in Oakbrook, Louisiana. He is scheduled to be removed to Jamaica on either December 20, 2006 or December 21, 2006. Pitter's first petition for habeas relief was denied. *See Pitter v. ICE*, Civil Action No. WMN-05-665 (D. Md.). This court later dismissed his second habeas petition. *See Pitter v. ICE,* Civil Action No. WMN-06-456 (D. Md.).

having mental and physical health problems.[2]   To the extent Pitter attempts to challenge his underlying criminal conviction, in an attempt to challenge his removal, these claims were determined unavailing in *Pitter v. ICE*,  Civil Action No. WMN-05-665 (D. Md. April 12, 2005 ).

Further,  the Real ID Act of 2005 (RIDA), Pub. L. No. 109-13, § 106, 119 Stat. 231, enacted May 11, 2005, has substantially modified the route aliens must take to obtain judicial review of an order of removal. The new law states: "a petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act."[3]   The new law divests this court of jurisdiction to adjudicate this petition. Lastly, in regard to his health claims,  Pitter provides no documentation, other than his own belatedly raised, self-serving statements, to demonstrate  his alleged mental or physical health conditions or how deportation will cause injury to him.

Accordingly, the petition is denied.  The Clerk is directed to MAIL a copy of this order to petitioner at his last known address and provide same to counsel for Respondent.

|  |  |
|---|---|
|  | /s/ |
| 12/20/06 | _____ |
| Date | William M. Nickerson |
|  | United States District Judge |

---

[2]   Additionally, Pitter attempts to raise a claim under *Zadvydas v. Davis,* 533 U.S. 678 (2001). Since his removal is imminent, there is no merit to this claim.

[3]   This provision is codified at  8 U.S.C. §1252 (a)(5).